# Exhibit A

1  Michelle R. Matheson #019568
   MATHESON & MATHESON, P.L.C.
2  15300 North 90th Street
   Suite 550
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
5  Attorney for Plaintiff

6

7                  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                     IN AND FOR THE COUNTY OF MARICOPA

9  PAULA BLANKENSHIP                    Case No.:   CV2014-052347

10            Plaintiff,

11
                                         SUMMONS
12 v.                                    If you would like legal advice from a lawyer
                                         contact the Lawyer Referral Service at
13 ADVANTAGE HEALTH CARE
   MANAGEMENT COMPANY, LLC, a                   602-257-4434
14 Delaware limited liability company,            or
                                            www.lawyerfinders.org
15
                                            Sponsored by the
16            Defendant.                 Maricopa County Bar Association

17
   THE STATE OF ARIZONA TO THE DEFENDANT:
18
         ADVANTAGE HEALTH CARE MANAGEMENT COMPANY, LLC
19       C/O STATUTORY AGENT
         NATIONAL REGISTERED AGENTS INC.
20       2390 E. CAMELBACK RD
21       PHOENIX, AZ 85016

22       YOU ARE HEREBY SUMMONED and required to appear and defend, within
   the time applicable, in this action in this Court.  If served within Arizona, you shall
23 appear and defend within 20 days after the service of the Summons and Complaint upon
   you, exclusive of the day of service.  If served out of the State of Arizona – whether by
24 direct service, by registered or certified mail, or by publication – you shall appear and
25 defend within 30 days after the service of the Summons and Complaint upon you is
   complete, exclusive of the day of service.  Where process is served upon the Arizona
26 Director of Insurance as an insurer's attorney to receive service of legal process against it
27 in this state, the insurer shall not be required to appear, answer or plead until the
   expiration of 40 days after date of such service upon the Director.  Served by registered
28 or certified mail without the State of Arizona is complete 30 days after the date of filing

1   the receipt and affidavit of service with the Court. Service by publication is complete 30
2   days after the date of first publication. Direct service is complete when made. Service
3   upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the
    Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-
4   222, 28-502, 28-503.

5       **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and
6   defend within the time applicable, judgment by default may be rendered against you for
    the relief demanded in the Complaint.

7       **YOU ARE CAUTIONED** that in order to appear and defend, you must file an
8   Answer or proper response in writing with the Clerk of this Court, accompanied by the
    necessary filing fee, within the time required, and you are required to serve a copy of any
9   Answer or response upon the Plaintiff's attorney. RCP 10(d); A.R.S. § 12-311; RCP 5.

10      REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH
11  DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE
    BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A
12  SCHEDULED COURT PROCEEDING. Maricopa County Local Rule 2.6, effective
13  October 1, 1994.

14      The name and address of Plaintiffs' attorney is:

15
16              Michelle R. Matheson
            MATHESON & MATHESON, P.L.C.
17           15300 North 90th Street, Suite 550
                Scottsdale, Arizona 85260
18                 (480) 889-8951

19
20
21      GIVEN UNDER MY HAND this date: _____
22                                      Clerk of the Superior Court
23
24              By _____
25                      Deputy Clerk
26
27
28

                          2

1   Michelle R. Matheson  #019568
    MATHESON & MATHESON, P.L.C.
2   15300 North 90th Street
    Suite 550
3   Scottsdale, Arizona 85260
4   (480) 889-8951
    mmatheson@mathesonlegal.com
5   Attorney for Plaintiff



COPY

FEB 1 4 2014

MICHAEL K. JEANES, CLERK
M. SULLIVAN
DEPUTY CLERK

6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8               IN AND FOR THE COUNTY OF MARICOPA

9   PAULA BLANKENSHIP                  Case No.:  CV2014-052347

10              Plaintiff,

11                                      COMPLAINT
    v.
12

13  ADVANTAGE HEALTH CARE
14  MANAGEMENT COMPANY, LLC, a
    Delaware limited liability company,
15
16              Defendant.

17

18       Plaintiff, Paula Blankenship, for her Complaint, alleges as follows:

19       1.      This case arises out of Defendant's unlawful employment practices.

20  Specifically, Defendant unlawfully failed and refused to pay Plaintiff overtime as
21
22  required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

23       2.      Plaintiff is currently and at all times relevant to this action a resident of
24  Maricopa County.

25       3.      Defendant is a Delaware limited liability company registered to and doing
26
27  business in Maricopa County, Arizona.

28

4.     The events giving rise to this cause of action occurred in Maricopa County.

5.     This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

**COUNT ONE**

**(Failure to Properly Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219)**

6.     Plaintiff incorporates by reference the allegations above. In support of her Complaint for unpaid overtime wages pursuant to the FLSA she alleges as follows:

7.     Defendant is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

8.     Defendant hired Plaintiff as the Marketing Coordinator in July 2010. At all times relevant to this action, Plaintiff was a covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

9.     Plaintiff's primary job duties involved creating sales and marketing materials for Medicaid and Medicare Health Plans using predetermined content. In addition, Plaintiff reviewed these materials to ensure compliance with the relevant policies and regulatory requirements.

10.     Plaintiff's work was subject to strict guidelines and she had no authority to alter, waive, or deviate from these guidelines.

11.     Plaintiff did not supervise other employees and did not have the power to hire or fire other employees.

2

12.   From May 2012 through November 2012 Plaintiff regularly worked in excess of 40 hours per week.

13.   Plaintiff repeatedly informed her supervisors, including Matt Feret, Vice President of Sales and Marketing, of the overtime hours she was working.

14.   Feret indicated that Plaintiff would receive compensatory time off for the overtime hours she worked, but this never occurred.

15.   Plaintiff was paid a base salary for her services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

16.   Defendant knew it was subject to the requirements of the FLSA.

17.   Defendant knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

18.   Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to her under the FLSA.

19.   Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3

1

## REQUESTED RELIEF

2

WHEREFORE, Plaintiff requests:

3

4    A.    For the Court to declare that Defendant violated the overtime provisions of

5          the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff;

6    B.    For the Court to award damages, including liquidated damages pursuant to

7          29 U.S.C. § 216(b);

8

9    C.    For the Court to award Plaintiff her reasonable attorneys' fees and costs;

10   D.    For the Court to award pre-judgment interest on all compensation due,

11         accruing from the date such amounts were due, and post-judgment interest;

12

13         and

14   E.    For the Court to award such other monetary, injunctive, equitable, and

15         declaratory relief as the Court deems just and proper.

16   DATED this 14ᵗʰ day of February, 2014.

17

18                                          MATHESON & MATHESON, P.L.C.

19

20                              By:    _____

21                                     Michelle R. Matheson, #019568

22                                     Attorney for Plaintiff

23

24

25

26

27

28

4

1    Michelle R. Matheson #019568
    MATHESON & MATHESON, P.L.C.
2    15300 North 90th Street
    Suite 550
3    Scottsdale, Arizona 85260
    (480) 889-8951
4    mmatheson@mathesonlegal.com
5    Attorney for Plaintiff

**COPY**

FEB 1 4 2014

MICHAEL K. JEANES, CLERK
M. SULLIVAN
DEPUTY CLERK

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PAULA BLANKENSHIP | Case No.:   CV2014-052347 |
| Plaintiff, | |
| v. | CERTIFICATE REGARDING COMPULSORY ARBITRATION |
| ADVANTAGE HEALTH CARE MANAGEMENT COMPANY, LLC, a Delaware limited liability company, | |
| Defendant. | |

The undersigned certifies that they know the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is not within the jurisdictional limit for compulsory arbitration and is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 14th day of February, 2014.

MATHESON & MATHESON, P.L.C.

By: _____
    Michelle R. Matheson, #019568
    Attorney for Plaintiff